**Michael BALDONI, Plaintiff—Appellant,**

v.

**UNUMPROVIDENT, Defendant—Appellee.**

No. 08–35161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 11, 2009.

Ralph E. Wiser, III, Wiser & Associates, Lake Oswego, OR, for Plaintiff–Appellant.

R. Daniel Lindahl, Lindahl Law Firm, PC, Katherine S. Somervell, Esquire, Bullivant Houser Bailey, PC, Portland, OR, for Defendant–Appellee.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant Michael Baldoni (Baldoni) appeals the district court's grant of summary judgment in favor of Defendant–Appellee UnumProvident (Unum) in his action filed pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461, alleging wrongful denial of long-term disability benefits. Because the parties are familiar with the facts, we do not recount them here, except as is necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the summary judgment decision de novo, *Vaught v. Scottsdale Healthcare Corp. Health Plan,* 546 F.3d 620, 625 (9th Cir.2008), and affirm.

Baldoni first argues that the district court abused its discretion by granting Unum's protective order against his three interrogatories, asserting that *Aba-*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*tie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006) (en banc), "mandates discovery concerning the nature, extent and effect of a conflict on the plan administrator's exercise of discretion." This reading of *Abatie* is incorrect. *Abatie* holds that "[t]he district court *may, in its discretion,* consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Id.* at 970 (emphasis added). *Abatie*, therefore, does not *mandate* such discovery in all circumstances, but leaves the matter to the district court's discretion. Moreover, given that Baldoni sought Unum's internal claims data to demonstrate Unum's alleged company-wide history of improper claims handling and that he had already established that history through publicly available information, the district court reasonably exercised its discretion in granting Unum's motion for a protective order in this case.

▮ Baldoni also argues that the district court erred both by misapplying *Abatie's* standard of review and by denying his disability benefits claim on the merits. Regarding the standard of review used by the district court to evaluate the denial of Baldoni's claim, we agree that the district court may not have employed enough skepticism in light of the record evidence suggesting a history of biased claims administration on Unum's part. Even so, we conclude that any such error was immaterial, as even under a heightened level of skepticism, the record supports the merits decision that Baldoni is not disabled from his occupation of computer programmer.

First, Unum's four-page denial letter is adequate under 29 C.F.R. § 2560.503–1(g). The letter provides the relevant definition of "disability" in Unum's long-term disability plan; identifies the medical records that Unum reviewed; states that Unum reviewed "the entire contents" of Baldoni's file; identifies the types of professionals that reviewed Baldoni's records; discusses the substance of Baldoni's records; and concludes that the information available to Unum did not support a finding that Baldoni was unable to work in his occupation.

Second, Unum reasonably selected a clinical consultant, a registered nurse, and a board certified cardiologist to review Baldoni's medical records. Baldoni provides no legal authority to support his assertion that Unum abused its discretion by failing to have his records *further* reviewed by a psychiatrist and a pulmonary specialist. Nor does the record provide a factual basis to support his argument. Although Unum asked Dr. Bellville to provide all of his records and office notes for Baldoni, Dr. Bellville instead sent a one-page "chart summary," which lacked any actual diagnosis or opinion as to Baldoni's level of functionality or his ability to perform his job. In addition, given that Dr. Rosenbloom listed Baldoni's primary disabling condition as cardiomyopathy, and given that Baldoni identified Dr. Rosenbloom on the disability claim form as an "internal medicine" specialist, it was reasonable for Unum to have a board-certified cardiologist, instead of a pulmonologist, review Baldoni's file.

Third, Unum did not abuse its discretion by failing to follow up with his doctors to seek additional information concerning his condition. The record reflects a meaningful dialogue between Unum and Baldoni that spanned one year. During this time, Baldoni had many opportunities to present evidence in support of his allegedly disabling condition, including an opportunity to undergo treadmill testing and leave to supplement the record with a pulmonary function test. Although results from both of those tests would have aided the decision-making process, Baldoni declined the

treadmill testing and failed to take advantage of the leave granted for the pulmonary function test.

Moreover, in concluding that Baldoni's file lacked substantial evidence of limitations or restrictions that would preclude him from returning to his occupation, Unum's denial letter clearly put Baldoni on notice that "[t]here was not any functional exercise testing in the file for review," and that Unum's review of Dr. Bellville's chart summary "showed no support for restrictions and limitations from a psychological standpoint with the current documentation on file." The letter further stated:

> If you have new, additional information to support your request for disability benefits, please send it to me at the address noted on the letterhead. Please submit any new medical information with ... your reason of disagreement and medical evidence or documentation. The evidence or documentation may include but is not limited to treatment records, diagnostic tests with results or functional capacity evaluations.

Thus, even after Baldoni received Unum's denial letter, he still had an opportunity to supplement the record with any additional information that would have cured the noted deficiencies in his claim.

**AFFIRMED.**

